REGAN, Judge.
The plaintiff, Curtis A. Reemes, filed this suit against the defendant, Gretna Machine & Iron Works, Inc., endeavoring to recover compensation at the rate of $35.00 per week for total and permanent disability and medical expenses, as the result of the development of abdominal and inguinal hernias caused from an alleged accident which he asserts occurred in the course of his employment.
The defendant answered and denied that it was liable to the plaintiff for these injuries since they were not incurred during the course of his employment by it.
Following a trial on the merits, judgment was rendered in favor of the defendant, and from that judgment, the plaintiff has prosecuted this appeal.
The record discloses that on June 6, 1967, the plaintiff was employed by the defendant; however, a routine physical examination which is given to all new employees was not performed until June 20, 1967, or seven days after the alleged accident of June 13th which the plaintiff contends caused his umbilical and right inguinal hernias resulting in total and permanent disability and for which he was disqualified for work and subsequently discharged.
Three weeks after the plaintiff’s discharge, his attorney notified the defendant of the alleged accident which he asserts occurred on June 13, 1967, when the plaintiff was attempting to assist his foreman to turn a heavy piece of plate steel. He testified that he did not consult the defendant’s *318 nurse until one week later because she was on vacation when the accident occurred. He stated that the nurse made an appointment with Dr. Franklin D. Toups, who made a diagnosis of umbilical and right inguinal hernias, and because of this condition, he was discharged from his employment on the day following the examination. Several months later, this suit was filed.
The plaintiff’s testimony was laboriously corroborated by his coworker, Adley Foret, who quite significantly related .that he, also, had sustained an injury to his back shortly after the plaintiff’s alleged accident and that he was presently engaged in litigation with the defendant herein.
Dr. William Fisher testified that he initially saw the plaintiff, at his attorney’s request, on August 1, 1967, at which time he said that he sustained an injury from an accident at work which occurred on June 13, 1967. He asserted that his physical examination revealed a firm ring at the umbilicus approximately 1J4 to 2 centimeters in diameter with a small hernial sac; there was a right indirect inguinal hernia, but no gross abnormality in the left inguinal region. It was his opinion that the plaintiff had developed the hernias as the result of the alleged accident, based on the history presented to him by the plaintiff, and he recommended surgical repair. He concluded that the plaintiff was unable to perform heavy, laborious work. He conceded that all hernias are not caused by accidents, and the history is important in 'determining causation. He stated that pain may or may not be felt at the time the hernia de-velopes and that there are very few umbilical hernias but many inguinal hernias found in individuals engaged in heavy, laborious work. He also stated that while there is little probability of both an umbilical and an inguinal hernia developing from a single accident, it is possible for such a condition to occur.
The personnel director of the defendant corporation, Curtis J. Taylor, testified that Reemes stated to him that he could not understand why he had been disqualified for work because of his umbilical hernia since the condition had been present for a period of time, which he estimated to be about two or three years. He was emphatic in asserting that between the dates of June 6, 1967, and June 20, 1967, Reemes never reported any accident to him as he had been instructed to do in the event he was unable to contact the nurse.
The defendant’s industrial nurse testified that she returned from her vacation on June 12, 1967, one day before the plaintiff’s alleged accident. She stated that it was routine for employees to report all accidents, even minor ones, to her, but that no accident was ever reported to her by the plaintiff, and her only contact with him was to arrange an appointment with Dr. Toups for the normal physical examination given all new employees. After the examination, Dr. Toups informed her that the plaintiff was disqualified. The plaintiff requested a copy of his physical examination report, and asserted that he could not understand why he had been disqualified, since the hernias had never caused his disqualification before.
The testimony of Dr. Toups was to the effect that he had examined the plaintiff on June 20, 1967, and at that time, he found an umbilical hernia and dilated right inguinal ring. He informed, the plaintiff that he probably would not be accepted for employment by the defendant because of the hernias. He stated that the plaintiff told him he had been examined several months before at Avondale Shipyards, where he was previously employed, and he was not told that he had a hernia nor did he believe the diagnosis of Dr. Toups to be correct. He did not reveal any traumatic incident to Dr. Toups until May 6, 1968, when he was seen at the request of the defendant’s attorney, at which time he relat *319 ed the occurrence of the accident. Dr. Toups emphasized that an umbilical hernia is the result of a congenital defect only; although certain forms of trauma may make such a defect become more prominent, and, in his opinion, it would be unlikely for both hernias to have developed from the same accident.
The defendant’s foreman, L. P. Sevin, Jr., denied that the plaintiff had ever reported the occurrence of an injury to him during his employment by the defendant. He also denied ever working with the plaintiff or Foret in turning or shifting a steel plate. He stated that he never heard the plaintiff complain of pain in his abdomen or side or difficulty in breathing, nor did he ever make a request to be referred to the doctor or nurse for medical treatment.
The record discloses significant contradictions and self-serving testimony as to whether the umbilical and inguinal hernias, resulting in the plaintiff’s disability, were caused by an injury incurred as the result of an accident during the course of his employment by the defendant. In any event, the foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously believed the defendant’s contention and the evidence adduced in support thereof occurred in the course of the plaintiff’s employment by the defendant.
The question which this appeal has posed for our consideration is whether that finding of the trial court is so erroneous and unsupported by the evidence adduced herein so as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a, protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version as to whether the hernias were caused by an accident which occurred during the plaintiff’s employment with the defendant. The trial judge accepted the defendant’s version thereof and our analysis of the record convinces us that the evidence preponderates in its favor, and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is hereby affirmed.
All costs incurred herein are to be borne by the plaintiff.
Affirmed.